Donald McINTYRE, Plaintiff,

v.

FARRELL LINES and United States Lines, Defendants.

FARRELL LINES and United States Lines, Defendants and Third-Party Plaintiffs,

v.

STATEN ISLAND WINDOW CLEANING COMPANY, INC., Third-Party Defendant.

STATEN ISLAND WINDOW CLEANING COMPANY, INC., Third-Party Defendant and Fourth-Party Plaintiff,

v.

HOWLAND HOOK MARINE TERMINAL CORPORATION, Fourth-Party Defendant.

No. 80 Civ. 6735(MP).

United States District Court, S. D. New York.

Oct. 15, 1981.

Morris, Duffy, Ivone & Jensen by Irwin H. Haut, New York City, for third-party defendant and fourth-party plaintiff Staten Island Window Cleaning Company, Inc.

Benjamin J. Sergi, Brooklyn, N. Y., for fourth-party defendant Howland Hook Marine Terminal Corp.

## MEMORANDUM

MILTON POLLACK, District Judge.

Howland Hook Marine Terminal Corporation (Howland) moves pursuant to Fed.R. Civ.P. 12(b)(6) and 56 to dismiss a fourth party complaint brought against it by third party defendant and fourth party plaintiff, Staten Island Window Cleaning Co., Inc. (Staten Island). For the reasons appearing hereafter, the motion must be denied.

The underlying action is a tort suit by plaintiff, Donald McIntyre, against first party defendants, Farrell Lines and United States Lines, for personal injuries sustained while McIntyre was at work in a terminal building leased by the first party defendants.

Plaintiff McIntyre was employed as a timekeeper at the time of the accident by Howland, a stevedore company. Howland was engaged in loading and unloading cargo for Farrell Lines and United States

Lines. The work called for stevedoring services in the terminal building leased by Farrell Lines and United States Lines. Staten Island was under contract with Howland to clean and maintain the building.

On June 23, 1980, McIntyre tripped on a carpet in the building and was injured. He claimed and obtained compensation from his employer, Howland, allegedly paid under the Longshoremen's and Harbor Workers' Compensation Act, (LHWCA), 33 U.S.C. § 901 *et seq.*

McIntyre now sues Farrell Lines and United States Lines for negligent maintenance of premises. The latter impleaded Staten Island, asserting Staten Island's contractual obligation to clean and maintain the building. Staten Island impleaded Howland, claiming that Howland had a contract with Staten Island to maintain, control and supervise the area within which plaintiff was injured.

Howland, having paid compensation benefits to McIntyre, claims immunity from further liability to anyone under 33 U.S.C. § 905(a)'s exclusivity of remedy provision.[1]

Staten Island contends that the LHWCA does not protect Howland from its claim herein for the reason that McIntyre was not a covered employee under the LHWCA; he was merely a timekeeper, a purely clerical employee not within the scope of the LHWCA, and therefore that Howland's payments purporting to be made under the Act do not serve to immunize it from further claims in respect of the accident. Staten Island additionally asserts that Howland is contractually obligated to indemnify it. Because this Court finds that McIntyre was not covered by the Act, it is not necessary at this time to reach the question of contractual indemnity.

▆ 33 U.S.C. § 903(a) provides that compensation is payable under the LHWCA

---

1. The relevant part of that subsection reads, "[t]he liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death."

only if the injury occurred upon navigable waters "including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, or building a vessel." The test used by the courts to determine coverage is that of situs and status,—claimant must be both near enough to the marine area and involved enough in a maritime activity. *See Northeast Marine Terminal Co., Inc. v. Caputo*, 432 U.S. 249, 97 S.Ct. 2348, 53 L.Ed.2d 320 (1977). While McIntyre clearly meets the situs part of the test as he was injured in a terminal building, his status as a timekeeper for a stevedore company poses a significant problem to Howland's position on this motion.

Employees who are injured while handling cargo are deemed to fall under the Act because they are an integral part of the loading and unloading process. Thus in *Northeast, supra*, a checker who handled cargo as part of his job of recording it was held to be covered by the LHWCA. *Id.* at 271, 97 S.Ct. at 2361. The legislative history of the Act, however, indicates that "purely clerical employees whose jobs do not require them to participate in the loading or unloading of cargo" are not included. H.R.Rep.No.92–1441, 92d Cong., 2d Sess., 11, *reprinted in* 1972 U.S.Code Cong. & Ad. News, p. 4708.

It is nowhere alleged that McIntyre did anything but keep time records and report when accidents occurred.[2] He never handled cargo and thus his situation is clearly distinguishable from that of the checker in *Northeast, supra.* He was not involved in repairing or building parts of the ship and thus none of the cases cited by Howland in support of its motion is apposite.

McIntyre was a purely clerical employee and therefore not within the scope of the coverage of the LHWCA. The compensation received from Howland for his injuries do not bar Staten Island's complaint against Howland.

Howland's motion to dismiss the fourth party complaint against it is accordingly denied.

SO ORDERED.

---

2. Plaintiff says that he also occasionally administered first aid but this was clearly not a major responsibility, nor is it an integral part of the unloading process.